United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30763
Summary Calendar

_____

MARTIN L. DIAS,

                                        Petitioner-Appellant,

versus

WARDEN, CADDO CORRECTIONAL CENTER,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-124
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

    Martin L. Dias pleaded guilty in 1999 to possession of a

schedule II controlled dangerous substance, cocaine, with intent

to distribute in violation of LA. REV. STAT. ANN. § 40:967B (West

Supp. 2004), and he was sentenced to nine years' imprisonment.

He appeals the district court's denial of his 28 U.S.C. § 2254

application.  The district court granted a certificate of

appealability on the issue whether the state court unreasonably

--------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

applied <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985), and <u>Strickland v. Washington</u>, 466 U.S. 668, 687-94 (1984), to the facts alleged by Dias in light of the evidence presented in the state court proceedings with respect to his claim of ineffective assistance of counsel.

Dias contends that his counsel was deficient for failing to file a motion to suppress containing specific allegations concerning the speed limit on the road where Dias' vehicle was stopped. Counsel did file a motion to suppress challenging the stop of Dias' vehicle. The motion was set for hearing on the Friday morning before trial. Dias appeared with counsel, but he did not go forward with the hearing on the motion to suppress because he pleaded guilty. Dias' position is that the speed limit was actually 55 miles per hour, and so there was no traffic violation to support the stop of his vehicle. He allegedly gave his attorney a letter from the Louisiana Department of Highways, a map, and a photograph which prove his claim. According to the police report, Dias was stopped on the portion of the road where the speed limit is 40 miles per hour.

Dias did not include these specific allegations about the speed limit in his <u>pro</u> <u>se</u> motion filed in the trial court on April 19, 1999, but merely alleged that the police officer's stop was "a ruse." The motion to suppress filed by counsel was not denied by the trial court due to the lack of specific factual allegations; Dias abandoned the motion and pleaded

guilty.  Dias asks this court to believe that he felt that he had no choice but to plead guilty because he knew that counsel's motion was deficient and would be denied.  Assuming that Dias had told his lawyer about the discrepancy in the speed limit and had provided him with the exhibits, Dias offers no explanation for why counsel would not have presented this evidence at the hearing had they decided to go forward with the motion. The district court correctly noted, and Dias has conceded, that he has made no specific factual allegations of deficiency concerning the advice counsel gave him about the chances of success of the motion to suppress and the decision to accept the state's offer of a plea bargain for nine years.

The state court's conclusion that Dias failed to demonstrate any deficiencies on the part of his attorney regarding the filing of pretrial motions was not an objectively unreasonable application of clearly established federal law.  Williams v. Taylor, 529 U.S. 362, 409-11 (2000).  Because Dias has not demonstrated deficient performance, the prejudice prong of Strickland need not be addressed.  Strickland, 466 U.S. at 697.

AFFIRMED.